IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NOLAND ROOSEVELT BYRD, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:21-CV-00111-RAS-CAN |
| v. | § | |
| | § | |
| PLANO POLICE DEPARTMENT, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636 [Dkt. 2]. On February 5, 2021, Plaintiff Noland Roosevelt Byrd ("Plaintiff") initiated the instant suit, filing an Original Complaint [Dkt. 1].[1] On the same date, an Application to Proceed *In Forma Pauperis* [Dkt. 3] was filed; followed by a second Application to Proceed *In Forma Pauperis* on March 5, 2021 [Dkt. 5] (collectively "Applications"). The Applications state they are filed by "Mustafa El Shabazz Bey Free Sovereign Moorish American National Attorney in Fact 'In Propria Persona' (Not Pro Se, nor Colorable) Ex Relatione: Noland Roosevelt Byrd; All Rights Reserved without Prejudice" [Dkt. 3 at 1] and "In Proper Person (Not Pro Se) Mustafa El Shabazz Bey Ex Relatione: Noland Byrd without Prejudice/without Recourse" [Dkt. 5 at 1]. The Court advised Plaintiff that he must sign his pleadings using his legal name, and further that to the extent Mustafa El Shabazz Bey is a person other than Plaintiff, Plaintiff may only represent himself *pro se*; as such, Plaintiff was directed to file a proper *in forma pauperis* request or pay the requisite filing fee on or before

---

[1] The Complaint is also improperly signed: "I affirm I am Mustafa El Shabazz Bey attorney on behalf of Noland Roosevelt Byrd © without prejudice/without Recourse under T.D.C. all Rights Reserved" [Dkt. 1 at 5].

April 19, 2021 [Dkt. 9]. Thereafter, the Court received a plethora of letters from Plaintiff [Dkts. 10; 12; 13; 14; 15], none of which established that Plaintiff's name had been legally changed to "Mustafa El Shabazz Bay."[2] On May 5, 2021, the Court denied the pending Applications and directed Plaintiff to either "file a compliant application to proceed *in forma pauperis* or pay the full filing fee of $402.00 on or before Friday, June 4, 2021" [Dkt. 17 at 2]. The Court expressly warned Plaintiff that his failure to comply with the directives contained in the Order would "result in a recommendation for dismissal of this lawsuit" [Dkt. 17 at 2]. Plaintiff acknowledged receipt of this Order on May 10, 2021 [Dkt. 18]. Plaintiff again inundated the Court with letters [Dkts. 19; 20; 21; 22]. To date, Plaintiff has failed to comply with the Court's orders or pay the requisite filing fee.

A district court may dismiss an action for failure to prosecute or comply with any court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious

---

[2] While Plaintiff contends that he has changed his name to Mustafa El Shabazz Bey [Dkt. 13 at 6], Plaintiff has provided no legal proof of such name change. Moreover, the Texas Family Code bars convicted felons from changing their name. TEX. FAM. CODE § 45.103. Further, were there to be any question of whether the Court disallowing Plaintiff to use his "Moorish name" in any way interferes with his freedom of religion, the Fifth Circuit has held that the provision of the Texas Family code barring name changes by felons has "a logical connection to a legitimate government interest," and "does not violate [the plaintiff's] free exercise of religion." *Mathews v. Morales*, 23 F.3d 118, 119-120 (5th Cir. 1994) (per curiam) (finding that there is no violation of free exercise of religion where inmates who had newly converted to the Islamic faith were barred from changing their names); *see also Williams v. Collier*, No. 2:20-CV-183-Z-BR, 2021 WL 724615, at *5 (N.D. Tex. Feb. 2, 2021) ("However, it does not follow that the failure of a state's department of corrections to recognize a religious name change will constitute a violation of the First Amendment."), *report and recommendation adopted*, No. 2:20-CV-183-Z, 2021 WL 719822 (N.D. Tex. Feb. 24, 2021).

disposition of cases. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980); *Potter v. Internal Revenue Serv.*, No. 6:18cv274, 2019 WL 2246159, at *1 (E.D. Tex. Apr. 1, 2019) (citations omitted) ("A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court . . . . Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action."), *report and recommendation adopted*, No. 6:18cv274, 2019 WL 2225992 (E.D. Tex. May 23, 2019).[3]

The Court has now ordered Plaintiff to file a proper request to proceed *in forma pauperis* or pay the $402.00 filing fee on two separate occasions [Dkts. 9; 17]. It has been well over one hundred days since the filing of the first Application [Dkt. 3] and over sixty days since the Court entered its first Order [Dkt. 9]. And still, Plaintiff has taken no action to properly file his request for leave to proceed *in forma pauperis*, nor has he provided the Court with any proof that his name has been legally changed. Moreover, to date, Plaintiff has failed to pay the $402.00 filing fee. By such inaction, Plaintiff has neglected to diligently prosecute the instant cause. *See Mosely v. TDCJ Michael Unit*, No. 6:17CV230, 2017 WL 9531955, at *1 (E.D. Tex. Nov. 28, 2017) ("Here, Plaintiff's failure to prosecute his case stems from his failure to comply with the June 21, 2017, deficiency order directing him to either pay the $400 filing fee or submit an application to proceed *in forma pauperis*, along with a certified *in forma pauperis* data sheet."), *report and recommendation adopted*, No. 6:17CV230, 2018 WL 2862599 (E.D. Tex. June 8, 2018);

---

[3] The Fifth Circuit has held that dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id.* Plaintiff's intentions and actions do not threaten the judicial process, and a dismissal with prejudice is inappropriate. A fine would not be an appropriate sanction because Plaintiff requested to proceed *in forma pauperis*. Thus, a dismissal without prejudice is the best option available at this time.

*Porterfield v. Dietze*, No. 5:21CV29-RWS-CMC, 2021 WL 1992026, at *2 (E.D. Tex. Apr. 23, 2021) ("Plaintiff has failed to obey the March 9, 2021 Order of the Court. He has neither paid the filing fee nor filed an application for leave to proceed *in forma pauperis*. A district court may dismiss an action for failure to prosecute or to comply with any order of the court. The Court recommends Plaintiff's above-entitled and numbered cause of action be dismissed without prejudice.") (internal citations omitted), *report and recommendation adopted*, No. 5:21CV29-JRG-CMC, 2021 WL 1987528 (E.D. Tex. May 18, 2021); *Jackson v. Dallas Cnty. Ct.*, No. 3:20-CV-03740-C (BT), 2021 WL 1269909, at *1 (N.D. Tex. Mar. 11, 2021) ("Here, Jackson has ignored or refused to comply with several orders to either pay the filing fee or file a proper motion to proceed *in forma pauperis*. This litigation cannot proceed until he cures this deficiency. Accordingly, the amended complaint should be dismissed for failure to comply with a court order."), *report and recommendation adopted*, No. 3:20-CV-3740-C-BT, 2021 WL 1264218 (N.D. Tex. Apr. 6, 2021). Thus, the Court recommends that this case be dismissed without prejudice under Rule 41.

## CONCLUSION AND RECOMMENDATION

Accordingly, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 7th day of June, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE